**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CURTIS CHRISHAUN EVANS**                                                  **PETITIONER**

**v.**                                                 **CIVIL ACTION NO. 1:14-CV-208-KS-MTP**

**JERRY BUSCHER**                                                               **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

BEFORE THE COURT is the *pro se* Petition of Curtis Chrishaun Evans for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having considered the submission of the parties, the record of the state court proceeding, and the applicable law, the undersigned orders that the Petition [1] be DENIED.

**FACTS AND PROCEDURAL HISTORY**

On June 20, 2011, Petitioner entered a guilty plea to one (1) count of attempted robbery in the First Judicial District of the Circuit Court of Harrison County, Mississippi. He was sentenced to serve six (6) years in the custody of the Mississippi Department of Corrections. This sentence was to run consecutively to an eight (8) year sentence he was already serving on another conviction. State Court Record Vol. 1, p. 34.

On May 4, 2012, Petitioner filed a Motion for Post-Conviction Collateral Relief in the Harrison County Circuit Court, which was signed on April 30, 2012. State Court Record Vol. 1, p. 4-33. By order filed June 4, 2012, that court denied the motion. State Court Record Vol. 1, p. 34-36. Petitioner then appealed the denial to the Mississippi Supreme Court raising the following issues *pro se*:

      1.     ineffective assistance of counsel;

      2.     involuntary guilty plea.

3. due process violations claiming the Judge did not address him personally.

On June 4, 2013, the Mississippi Court of Appeals filed a written opinion affirming the judgment of the lower court. *Evans v. State*, 114 So.3d (Miss.Ct.App. 2010). Petitioner then filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on April 21, 2014.

The instant Petition for Writ of Habeas Corpus [1] was filed on May 14, 2014, in which Petitioner raised the following issues *pro se*:

1. Due Process, 5th amendment. I was not addressed personally or advised to the rights I would waive by pleading guilty. Received ineffective assistance of counsel.

2. Self Incrimination, 5th amendment.

3. Trial by jury, 6th amendment.

4. Confront witnesses, 6th amendment.

5. Speedy Trial, 6th amendment.

6. Assistance of counsel, 6th amendment.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996, habeas relief cannot be granted with respect to Petitioner's claims. 28 U.S.C. § 2254(d) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioners claims were reviewed and adjudicated on the merits by the Mississippi Supreme Court, and they were found to have no merit. Neither of the exceptions provided in subsections (d)(1) or (d)(2) are met by petitioner's claims. The claims raised in the instant petition are mixed questions of law and fact. Subsection (d)(1), applies to questions of law or to mixed questions of law and fact. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). Because this subsection governs Petitioner's claims, a federal court cannot grant habeas relief to the Petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts.

A state court's decision involves an unreasonable application of federal law if it identifies the correct governing principle but unreasonably applies the principle to facts of the prisoner's case; this application of law to facts must be objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, at 1521 L.Ed.2d 389 (2000). Therefore "the question under the AEDPA is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable." *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). The state appellate courts are presumed to have determined facts reasonably, and it is the Petitioner's burden to rebut the presumption of correctness by clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). Petitioner has provided no clear and convincing evidence and therefore has failed to meet this burden.

In his petition, Petitioner raised six (6) issues, however most of these issues were waived through his plea. His two main claims are (1) that his guilty plea was involuntary and (2) that he received ineffective assistance of counsel. Regarding his first claim of an involuntary plea, the state court record is contradictory to this claim. The record shows that, before Petitioner entered

his plea, the circuit court explained to him that he would be waiving certain constitutional rights that all defendants who are charged with a felony have.

> THE COURT: When you enter a plea of guilty you waive and give up some constitutional rights that all defendants who are charged with a felony have. They're set out here in paragraph five of your plea petition that you tell me you've read, but I'm going to discuss the main ones with you to make sure you understand those.
>
> You have the right to have your case tried by a jury of your peers. As you stand in front of me today, under the law you're presumed to be innocent of these charges. The state has the burden of proving the charge against you beyond a reasonable doubt. As a defendant you don't have to prove anything. You can require that I impanel a jury to try your case, at which time your lawyers would have the right to confront and cross-examine any witnesses called by the state to testify against you. You have the right against self incrimination. That means you can be a witness in your own case if you want to, but you don't have to get on the witness stand and nobody can force you to be a witness in the case.
>
> If the case is tried and a jury convicts you, you have the right to appeal that verdict to the Mississippi Supreme Court. If you enter a plea of guilty here today, you waive and give up all of those rights, together with the others set out in paragraph five of your plea petition. Do you understand that, ... Mr. Evans?
>
> EVANS: Yes, sir.
>
> THE COURT: Did anybody put any pressure, coerce you, force you or threaten you in any way to get you to plead guilty? ... Mr. Evans?
>
> EVANS: No, sir.

State Court Record, Vol. 2, p. 7-9. The record shows that Petitioner knowingly and voluntarily entered his guilty plea, therefore waiving all of the rights in his other claims. The Mississippi appellate court found that this plea was entered voluntarily and intelligently, and that the issue is without merit. *Evans*, 114 So.3d at 782. The decision made by the Mississippi appellate court was neither contrary to, nor did it involve an unreasonable application of, clearly established

federal law as determined by the Supreme Court of the United States. Because Petitioner has failed to provide clear and convincing evidence that his plea was given involuntarily, and the decision made by the State court did not involve an unreasonable application of clearly established federal law, or was not based on an unreasonable determination of the facts in light of the evidence, Petitioner is not entitled to habeas relief.

Petitioner also claims that he received ineffective assistance of counsel. To receive habeas corpus relief on a claim of ineffective assistance of counsel, Petitioner must meet the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must demonstrate both constitutionally deficient performance by counsel, in that it fell below an objective standard of reasonableness, and actual prejudice as a result of such ineffective assistance. *Id.* at 689-94. With respect to guilty pleas, the prejudice requirement "Focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

There is nothing in the record that would suggest the Petitioner received ineffective assistance of counsel, or that counsel's assistance affected the outcome of the plea process. Petitioner has failed to show any constitutionally deficient performance by his counsel that would fall below an objective standard of reasonableness. Petitioner has also failed to show any prejudice as a result of his assistance given to him by counsel. The state court record shows that Petitioner testified that he read the plea petition and discussed it with his counsel, and that he was satisfied with his counsel's representation. State Court Record, Vol. 2, p. 11-12. The Mississippi Supreme Court did not err in denying relief for Petitioner's claim of ineffective assistance of counsel and habeas relief should be denied to this claim as well.

## CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Petitioner's relief sought in his Petition [1] is **denied** and that his Petition be **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this the 3rd day of August, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE
